IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CR144 RLW (JMB) |
| | ) |
| DWAINE HINKLE | ) |
| | ) |
| Defendant. | ) |

**<u>MOTION TO SUPPRESS</u>**

COMES NOW defendant DWAINE HINKLE, through his attorney, Lucille G. Liggett, Assistant Federal Public Defender, and requests this Court suppress any and all statements made by Hinkle to law enforcement officers. In support thereof, Defendant states to the Court the following:

On March 14, 2017, Hinkle entered the Internal Revenue Service Taxpayer Assistance Center in St. Louis City. Hinkle asked an Assistance Specialist for assistance. Hinkle and the specialist had a conversation and then Hinkle left the office. The specialist reported that during the conversation, Hinkle threatened her life. Special Agent Drew Palmer investigated the incident. Palmer interviewed Federal Protective Service Inspector Lloyd Turner. Turner stated that he detained Hinkle and questioned him about the incident. Turner reported to the investigator that Hinkle denied making the threat and he escorted Hinkle out of the building.

Palmer interviewed the specialist. The specialist stated that Hinkle came into the office and requested assistance with his Forbes Account. The specialist stated she could not assist him because he did not have an appointment. The specialist said that Hinkle responded to her by saying "That's why

I'm going to kill your ass." On the same day, Palmer and another special agent interviewed Hinkle. Hinkle made a statement to the agents.

Hinkle made two statements in this case: a statement to Inspector Turner and a statement to Special Agent Palmer. In the case of each statement made by Hinkle, it is not clear in the reports whether Hinkle was under arrest or under *de facto* arrest or otherwise detained during questioning. It is not clear in the reports where the Inspector or the Agents conducted their interviews of Hinkle. It is not clear in the reports whether the Inspector or the Agents read Hinkle his *Miranda* rights before questioning and if so, whether Hinkle voluntarily waived those rights and agreed to the interviews.

"*Miranda* dictates that 'an individual must be warned about the rights encompassed in the privilege against self-incrimination before [he or she] is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning.'" *United States v. Wolk*, 337 F.3d 997, 1005 (8th Cir. 2003), citing *United States v. Wallace*, 323 F.3d 1109, 1112 (8th Cir. 2003).

In order to determine whether a person is in custody, there are six factors the Courts consider:

> (1) Whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questioning; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere Of the questioning was police dominated; or (6) whether the suspect was placed under arrest at the termination of the questioning. *Id.* at 1006.

Courts use a balancing test when considering all these factors. *Id*.

Counsel requests a hearing on the motion to suppress statements to determine the circumstances surrounding the statement Hinkle made to Federal Protective Service Inspector Lloyd Turner and the statement Hinkle made to the special agents.

Counsel has no information from the discovery that she has received from the Government that suggests that any items or other evidence was seized from Hinkle in this case.

WHEREFORE, Defendant prays this Court suppress any and all statements made by Hinkle to law enforcement officers.

Respectfully submitted,

/s/Lucille G. Liggett
LUCILLE G. LIGGETT
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Lucy_Liggett@fd.org

ATTORNEY FOR DEFENDANT

### CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2018, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Anthony Franks, Assistant United States Attorney.

/s/Lucille G. Liggett
LUCILLE G. LIGGETT
Assistant Federal Public Defender