UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:17 CR 144 RLW/JMB |
| | ) | |
| DWAINE HINKLE, | ) | |
| | ) | |
| Defendant. | ) | |

### THE UNITED STATES OF AMERICA'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS

Comes now the United States of America, by and through attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Anthony Franks, Assistant United States Attorneys for said District, and for its Opposition to Defendant's Motion to Suppress states as follows:

### INTRODUCTION

On March 29, 2017, the grand jury returned a one-count indictment under Title 18 U.S.C. § 115(a)(1)(A) charging Dwaine Hinkle (defendant) with threatening to murder an employee of the Internal Revenue Service (IRS).  The acts giving rise to this charge occurred on March 14, 2017.

Defendant's Motion to Suppress concerns statements defendant made to law enforcement on the date of the incident.  Specifically, on March 14, 2017, defendant made statements to inspectors with the Federal Protective Services (FPS) at the Robert A. Young Federal Building (Ray building) in downtown St. Louis within moments of allegedly threatening to kill a federal employee. These statements should not be suppressed, as defendant was not in custody when he spoke with law enforcement.

Later on March 14, 2017, defendant voluntarily returned to the Ray building and made

1

statements to Special Agents of the Treasury Inspector General for Tax Administration (TIGTA). Defendant was not in custody when he made these statements. Therefore, these statements also should not be suppressed.

## FACTS[1]

On March 14, 2017, defendant went to an IRS office in the Ray Building and asked for service. Defendant presented to Individual Taxpayer Advisory Specialist Yvonne Searcy (Searcy).  He asked Searcy to check his "Forbes Account."  Searcy told defendant that she could not check a private account and, because defendant did not have an appointment, she could not service him.  Defendant, however, persisted. Searcy continued to tell defendant that he needed an appointment. He then threatened to kill Searcy and walked out of the office.

Searcy alerted building security that defendant threatened to kill her.  Two FPS inspectors made contact with defendant before he left the Ray building. They asked defendant to speak with them about the incident that had just occurred; defendant agreed.  The inspectors escorted defendant to an interview room and discussed the incident with him. Defendant was not handcuffed and he was not under arrest.

Defendant told FPS that he was at the Ray building regarding his Forbes account. He denied making any threats to an IRS employee.  FPS obtained defendant's criminal history, and noted that he had an active warrant for peace disturbance, but there was an issue with defendant's birthday so they could not verify the warrant.  After interviewing defendant, and accessing his criminal history, the FPS inspectors escorted defendant out of the Ray building and let him go.

Later on March 14th, FPS contacted TIGTA, a federal agency that investigates among other matters threats against IRS employees.  TIGTA Special Agent Drew Palmer (Agent Palmer) contacted defendant's father by telephone and told him about defendant's incident with Searcy.  Agent Palmer asked

---

[1] The forgoing facts include an overview and summary of the events pertinent to this matter, but do not bind the government to a fixed theory of proof.

2

defendant's father to ask his son to contact Agent Palmer so that they could discuss the incident.

Later on March 14th, defendant contacted Agent Palmer and came to the Ray building. When defendant presented to the Ray Building he met with Agents Palmer and Jackson in an office on the first floor. Defendant was told that he was not under arrest. Defendant was free to leave if he wanted. During the interview, defendant was placed under oath and stated among other things the following:

1) He asked an IRS representative to check his "Forbes account" and wanted the IRS to give him money from that account;

2) He became frustrated because the IRS representative would not assist him;

3) He said he was provoked, but admitted to threatening to kill the IRS representative; he claimed, however, that he had no intention of following through with the threat. To that point, defendant asked "If I was serious about hurting someone, would I come back to the place where I made the threat?"; and

4) Defendant claimed that he wanted to voluntarily commit himself to the hospital for psychiatric care and requested to go to Barnes-Jewish Hospital and wanted to see a Dr. Whitlock.

The TIGTA agents called "911" for medical assistance. They also called Dr. Whitlock to assist defendant. EMS arrived shortly thereafter and drove defendant to Barnes-Jewish Hospital's emergency room.

**ARGUMENT**

**I.  DEFENDANT'S STATEMENTS TO THE FPS SHOULD NOT BE SUPPRESSED**

"A police officer may "stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot'." *United States v. Johnson*, 64 F.3d 1120, 1124 (8th Cir. 1995); *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 1884 (1968). The FPS inspectors had reasonable suspicion to believe that

3

defendant had just committed a crime as they had information that defendant had just threatened to kill an IRS employee. Therefore, they were justified in stopping defendant and asking to speak with him.

Furthermore, "[t]he officer may ask the detainee questions in order to dispel or confirm his suspicions, but questioning is limited in scope to the circumstances that justified the stop. *Johnson*, 64 F.3d at 1124 (8th Cir. 1995); *United States v. Cummins,* 920 F.2d 498, 501 (8th Cir.1990), *cert. denied,* 502 U.S. 962, 112 S.Ct. 428, 116 L.Ed.2d 448 (1991). The FPS inspectors limited their inquiry of defendant to why he was at the Ray building, and whether he made any threats to any IRS employees. This limited inquiry addressed their purpose for stopping defendant. After a brief encounter, and defendant denying that he made a threat, FPS concluded their inquiry and escorted defendant out of the Ray building. There are no grounds to suppress defendant's statements.

## II. DEFENDANT'S STATEMENTS TO THE TIGTA AGENTS SHOULD NOT BE SUPPRESSED

Hours after speaking with FPS, defendant voluntarily presented back to the Ray building for additional questioning by TIGTA agents at the request of those agents. Defendant was not in custody when he spoke with the TIGTA agents.

In evaluating whether a suspect is in custody at the time of questioning, the Eighth Circuit has considered several "indicia of custody," which "tend to either mitigate or aggravate an atmosphere of custodial interrogation." *United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990). Factors to be considered in a custody evaluation may include:

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect

4

>initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions (4) whether strong arm tactics or deceptive strategies were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning.

*Id.*

Pursuant to the above factors, defendant was clearly not in custody when the TIGTA agents interviewed him. Defendant voluntarily presented to the Ray building to discuss the incident. Defendant was free to leave, and did so after he asked for medical assistance. Defendant also was not restrained during questioning. There also is no suggestion that the agents used strong arm or deceptive tactics with defendant. Although the agents outnumbered defendant during questioning, defendant again was free to leave if he wanted to. Finally, defendant was not arrested following questioning. *United States v. Galceran*, 301 F.3d 927, 931 (8th Cir. 2002)(Lack of arrest is a "very important" factor weighing against custody.)

In sum, application of the facts here under *Griffin* weigh strongly in favor of the conclusion that defendant was not in custody. *Galceran*, 301 F.3d 927 at 931 (8th Cir. 2002)(Eighth Circuit concluded that the defendant was not in custody when he came voluntarily to the police station, was repeatedly informed he was not under arrest, and left the police station without hindrance at the interview's conclusion.)

Because defendant was not in custody when questioned, *Miranda* warnings were not required. *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d, 711 714 (1977)("Miranda warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.' It was that sort of coercive environment to which *Miranda* by its terms was made applicable, and to which it is limited.")("[A] suspect is entitled to *Miranda* protection when he is 'in custody,' and ... 'the ultimate inquiry is simply whether

5

there is a formal arrest or restraint on freedom of movement of the degree associated with formal arrest.' " *United States v. Lawson*, 563 F.3d 750, 753 (8th Cir. 2009)(quoting *California v. Beheler,* 463 U.S. 1121, 1125, 103 S.Ct. 3517 (1983) (per curiam)).

## CONCLUSION

WHEREFORE based on the foregoing the Government respectfully requests that this Court deny Defendant's Motion to Suppress.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

/s/ *Anthony Franks*
ANTHONY FRANKS, # 50217MO
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2018 the foregoing was filed electronically with the Clerk of the Court to all counsel of record.

*s/ Anthony Franks*
ANTHONY FRANKS, #50217MO